# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAMILY HOME HEALTH SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WEST PENN ALLEGHENY HEALTH SYSTEMS, *et al.*, | ) ) ) ) |
| Defendants. | ) |

Civil Action No. 12-6

Judge Cathy Bissoon

## **MEMORANDUM ORDER**

Pending before the Court are Defendants' Joint Motion to Dismiss (Doc. 5) and Plaintiff's Motion to Remand (Doc. 8). For the reasons stated herein, the Court will grant Plaintiff's Motion to Remand and deny as moot Defendants' Joint Motion to Dismiss.

Plaintiff Family Home Health Services, Inc. filed its complaint (Doc. 1-2) in the Court of Common Pleas of Allegheny County, Pennsylvania, against Defendants West Penn Allegheny Health Systems, Allegheny General Hospital, Alle-Kiski Medical Center, Canonsburg General Hospital, West Penn Hospital, West Penn Forbes Regional Campus, West Penn Allegheny Home Care, ProTech Compliance, Inc., ProTech Compliance, LLC, Allscripts Healthcare Solutions, Inc., and Allscripts Healthcare, LLC. Defendants removed this action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal 4-5 (Doc. 1). Defendants then filed a motion to dismiss (Doc. 5), asserting lack of subject matter jurisdiction and failure to state a claim. Plaintiff filed a motion to remand (Doc. 8) to state court due to lack of subject matter jurisdiction.

In a case removed from state court to a federal district court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

1

remanded." 28 U.S.C. § 1447(c). "The language of this section is mandatory – once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." Bromwell v. Mich. Mutual Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) (citing Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991); Maine Assoc. of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs., 876 F.2d 1051, 1054 (1st Cir.1989)). The district court must remand, even if remand would be futile. Id. at 213-14.

All parties agree that this Court lacks subject matter jurisdiction over this action. See Defs.' Mem. in Support of Mot. to Dismiss 6-7 (Doc. 6); Pl.'s Br. in Support of Mot. to Remand 2-4 (Doc. 9). This Court, therefore, must remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania. "Whether the matter is justiciable under state law is a matter for the state court to decide." Id. at 214.

For the reasons stated above, the Court hereby **ORDERS** that Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**. This matter is **REMANDED** to the Court of Common Pleas of Allegheny County, Pennsylvania. Defendants' Motion to Dismiss (Doc. 5) is denied as moot.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

March 6, 2012

cc (via e-mail):

All counsel of record.